UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANWAR M. ABDI,                                           Civil No. 12-2073 (DWF/AJB)

       Plaintiff,

      v.                                                **REPORT AND RECOMMENDATION**

SERGEY IANOVICH KISLYAK,

       Defendant.

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue a Defendant named Sergey Ianovich Kislyak, who is alleged to be the "Russian Ambassador to U.S.A." The substantive allegations set forth in the "Statement of Claim" section of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "(1) Sergey Kislyak bias against Somali-Americans from North Central - Soul, Sanag and Ayn Regions in favor of Russian businessmen and women.
>
> (2) Bias in favor of Arabs"

(Complaint, [Docket No. 1], p. 4, ¶ 7.)

Based on these few cryptic allegations alone,[1] Plaintiff is seeking legal redress described as follows:

> "Monitor Foreign Diplomats in Minnesota and Mid-West, U.S.A.  Damages: 2,000,000 U.S. Dollars"

(Id. p. 4, "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

---

[1] Plaintiff's complaint is accompanied by an unexplained collection of miscellaneous documents.  However, none of those documents provides any factual allegations that could support any claim for relief against the named Defendant.

2

The Court finds that Plaintiff's current complaint fails to state any actionable claim for relief, because it does not allege any specific historical facts that could entitle Plaintiff to any judgment against the named Defendant under any conceivable legal theory. The complaint does not describe anything that Defendant did (or failed to do) that could be viewed as a violation of any federal law or doctrine.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Again, Plaintiff has not described any facts that could entitle him to any legal redress against the named Defendant (or anyone else) under any legal theory. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court must recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

Finally, the Court notes that Plaintiff has now filed seven patently inadequate complaints in this District during the past two weeks. (See Abdi v. Holder, Civil No. 12-1988 (DWF/JJK); Abdi v. Klobuchar, Civil No. 12-2006 (DWF/FLN); Abdi v. Dolan, Civil No. 12-2010 (RHK/JJG); Abdi v. Grossheim, Civil No. 12-2022 (DSD/TNL); Abdi v. Clinton, Civil No. 12-2048 (ADM/JJK); and Abdi v. Westmacott, Civil No. 12-2072 (PJS/TNL).) In one of Plaintiff's previous cases, (Civil No. 12-2010 (RHK/JJG)), Magistrate Judge Jeanne J. Graham cautioned Plaintiff that if he filed another frivolous action, his ability to file more actions might be restricted. Plaintiff has flouted that cautionary observation by filing several more complaints that are grossly inadequate. This Court believes that it is now time to

3

restrict Plaintiff's ability to file further actions in this District.

Pro se litigants do, of course, have a right of access to the courts. That right, however, does not ensure an unrestricted opportunity to file frivolous, malicious or abusive lawsuits. See In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.), cert. denied, 450 U.S. 985 (1981)). "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Tyler, 839 F.2d at 1292. Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources." Id. A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." Id. at 1292, 1293.

Given Plaintiff's recent record of filing meritless and frivolous lawsuits, it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions by Plaintiff. Therefore, the Court recommends that the presiding District Court Judge in this case should enter an order that will restrict Plaintiff's ability to file further actions in this District. This Court believes that Plaintiff should not be allowed to file any more actions in this District, unless he is represented by counsel, or obtains pre-authorization from a judge or magistrate judge.

III.    RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be

**DENIED**;

2.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

and

3.  Plaintiff should be prohibited from filing any more actions in this District, unless

he is represented by counsel, or obtains pre-authorization from a judge or magistrate judge.


Dated: August 24, 2012

       s/ Arthur J. Boylan
       ARTHUR J. BOYLAN
       Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before September 10, 2012.